**Denied and Opinion Filed December 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01524-CV
### No. 05-15-01525-CV

### IN RE RILEY JOHN WILLIAMS III, Relator

**Original Proceeding from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause Nos. F-0945394-J, F-1323990-J**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Brown
Opinion by Justice Lang

In this petition for writ of mandamus, relator complains that in excess of $2,000 has been removed from his inmate trust account to pay court costs and fines without prior notice to him. The petition is not accompanied by an appendix or record as required by rule 52.3(k) and 52.7 of the Texas Rules of Appellate Procedure and is not certified as required by rule 52.3(j). Although these deficiencies alone constitute sufficient reason to deny mandamus relief, in the interest of judicial economy, we address the petition.

Challenges to removal of funds from inmate trust accounts do not involve a "criminal law" matter. *Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*, 280 S.W.3d 866, 874 (Tex. Crim. App. 2008). For that reason, we evaluate relator's petition under the standards applicable to civil mandamus proceedings. Ordinarily, to obtain mandamus relief in a civil case, a relator must show both that the trial court has clearly abused its discretion and that relator has

no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The relator has not demonstrated that the trial court has abused its discretion. An inmate is entitled to notice, via copy of an order of withdrawal or other notification, and an opportunity to be heard concerning withdrawal of funds from his inmate trust account. *Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). Neither need occur before the funds are withdrawn. *Id.* Notification of the withdrawal after removal of the funds, which relator has received, satisfies the notice requirement. *Id.* The opportunity to file a motion challenging the withdrawal satisfies the requirement that the inmate be afforded an opportunity to be heard. *Id.* Thus, relator has not demonstrated that the trial court has abused its discretion.

Additionally, relator has not shown that he lacks an adequate remedy by appeal. In fact, the supreme court has stated that the proper method for seeking appellate review of an order of withdrawal of funds from an inmate trust account is by appeal of the order. *Id.* ("[A]ppellate review should be by appeal, as in analogous civil post-judgment enforcement actions.).

We deny the petition for writ of mandamus.

/Douglas S. Lang/
DOUGLAS S. LANG
151524F.P05                                      JUSTICE